1   Robert Muller (SBN 189651)
    bob@cypressllp.com
2   Lilian M. Loh (SBN 296196)
    lilian@cypressllp.com
3   **CYPRESS LLP**
    11111 Santa Monica Boulevard, Suite 500
4   Los Angeles, CA 90025
    Telephone:  424-901-0123
5   Facsimile:   424-750-5100

6   Attorneys for Defendant
    Andrew Citores

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  LINDSEY CANNON, an individual, on        Case No. 4:23-cv-5979
    behalf of herself, the public in
11  California, and all others similarly     **DEFENDANT'S NOTICE OF**
    situated,                                **REMOVAL OF ACTION TO**
12                                           **FEDERAL COURT UNDER**
                 PLAINTIFF,                  **28 U.S.C. § 1441(b) (DIVERSITY)**
13

14               vs.

15  ANDREW CITORES, an individual, and
    DOES 1 to 10, inclusive.
16
                 DEFENDANTS.
17

18

19

20

21

22

23

24

25

26

27

28

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446; and Federal Rule of Civil Procedure 81(c), Defendant Andrew Citores ("Defendant") hereby removes to this Court the state court action described below.

## I.    TIMELINESS OF REMOVAL

1.    On October 9, 2023, Plaintiff Lindsey Cannon ("Plaintiff") filed a complaint against Defendant in the Superior Court of California for the County of Contra Costa, Case No. C23-02551 (the "Complaint"). True and correct copies of the Summons and Complaint are included in **Exhibit A**.

2.    On October 18, 2023, Plaintiff served Defendant with the Summons and Complaint. *See* Ex. A. Thus, this Notice of Removal is timely filed within 30 days after completion of service. *See* 28 U.S.C. § 1446(b).

## II.    THE COMPLAINT'S ALLEGATIONS

3.    In the Complaint, Plaintiff alleges that she contracted with and paid JusCollege approximately $900 for travel services and Defendant solely and/or jointly with JusCollege sold, provided, furnished, contracted for, arranged, and/or advertised for her air transportation. Compl. ¶ 9. Plaintiff alleges that Defendant failed to provide the travel services and refund her money. *Id*. ¶ 10. Plaintiff then alleges that Defendant's actions applied to other individuals similarly situated in California and nationwide. *Id*. ¶¶ 14-22.

4.    Plaintiff asserts the following claims: (1) a request for public injunction for unfair practices in violation of California Business and Professions Code §§ 17200, et seq. and 17550, et seq.; (2) a California class action for unfair practices in violation of California Business and Professions Code §§ 17200, et seq. and 17550, et seq.; and (3) a California and nationwide class action for breach of contract. Compl. ¶¶ 24-41.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

### III.    GROUNDS FOR REMOVAL

5.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 because the parties are citizens of different states and the matter in controversy exceeds $75,000. Additionally, under 28 U.S.C. § 1332(d)(2), even broader federal jurisdiction exists and applies because this is a class action on behalf of at least 100 members seeking more than $5 million in total.

6.    Complete diversity exists because Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Nevada. Compl. ¶¶ 4-5; *see also Snyder v. Harris*, 394 U.S. 332, 340 (1969) (only the citizenship of the named parties in a class action is considered for diversity purposes). Plaintiff alleges that the class numerosity is "at least hundreds of individuals." *Id.* ¶¶ 15, 20. Plaintiff seeks damages of $20 million for the California class and $25 million for the nationwide class. *Id.* at 13:13-17.

### IV.    PROCEDURAL PREREQUISITES SATISFIED

7.    Venue is proper in the United States District Court for the Northern District of California, under 28 U.S.C. §§ 1441(a) and 1446(a), because this District Court and Division embraces the place in which the removed action has been pending, that is, the Superior Court of California for the County of Contra Costa.

8.    As required by 28 U.S.C. § 1446(a), true and correct copies of all the process, pleadings and orders served upon Defendant are attached as **Exhibit A**.

9.    Defendant will promptly serve Plaintiff with this Notice of Removal and file the same with the Clerk of the Superior Court of California for the County of Contra Costa as required under 28 U.S.C. § 1446(d).

### V.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of California for the County of Contra Costa to the United States District Court for the Northern District of California, and that all future

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

proceedings in this matter take place in the United States District Court for the Northern District of California.

Dated: November 17, 2023 **CYPRESS LLP**

By: /s/ Robert Muller
Robert Muller
Lilian M. Loh

Attorneys for Defendant
Andrew Citores

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Andrew Citores, an individual, and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Lindsey Cannon, an individual, on behalf of herself, the public in California, and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Contra Costa County

Wakefield Taylor Courthouse, 725 Court Street, Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):*
C23-02551

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven Elster, Law Office of Steven Elster, 785/E2 Oak Grove Road, #201, Concord, CA 94518, (925) 324-2159

| DATE:<br>*(Fecha)* 10/9/2023 1:11 | Clerk, by<br>*(Secretario)* /s/ N. McCallister-Vila | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  GLANCY PRONGAY & MURRAY LLP
2  Kevin F. Ruf (SBN 136901)
   1925 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone: (310) 201-9150
4  Facsimile: (310) 201-9150
   Email: kruf@glancylaw.com
5
6  LAW OFFICE OF STEVEN ELSTER
   Steven Elster (SBN 227545)
7  785/E2 Oak Grove Road, #201
   Concord, CA 94518
8  Telephone: (925) 324-2159
   Email: steve.elster.law@gmail.com
9  *Attorneys for Plaintiff Lindsey Cannon*

Per local Rule, This case is assigned to
Judge Treat, Charles S, for all purposes.

SUMMONS ISSUED

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF CONTRA COSTA**

12

| | |
|---|---|
| 13 LINDSEY CANNON, an individual, on behalf of herself, the public in California, and all others similarly situated,<br><br>15      PLAINTIFF,<br><br>16 vs.<br><br>17 ANDREW CITORES, an individual, and DOES 1 to 10, inclusive.<br><br>19      DEFENDANTS. | Case No.    C232551<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**1.**    **PUBLIC INJUNCTION REGARDING UNLAWFUL, UNFAIR, AND PROHIBITED ACTS AND PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.* **AND §§ 17550,** *et seq.*<br>**2.**    **CALIFORNIA CLASS ACTION FOR UNLAWFUL, UNFAIR, AND PROHIBITED ACTS AND PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.* **AND §§ 17550,** *et seq.*<br>**3.**    **CALIFORNIA AND NATIONWIDE CLASS ACTIONS FOR BREACH OF CONTRACTS** |

27

28

COMPLAINT FOR PUBLIC INJUNCTION & CLASS ACTION

# INTRODUCTION

1.      Plaintiff LINDSEY CANNON ("Plaintiff"), by and through her counsel, brings this complaint ("Complaint") against Defendant ANDREW CITORES ("Defendant") seeking a public injunction and a class action against Defendant's unlawful, unfair, and prohibited acts and practices and Defendant's breach of contracts with Plaintiff and all others similarly situated. These causes of action are due to (a) Defendant's sole and/or joint failure as a seller of travel, to provide required disclosures to California residents purchasing air or sea transportation or other travel services and failing to provide California residents with refunds after failing to provide air or sea transportation or other travel services which Defendant, solely and/or jointly, sold, provided, furnished, contracted for, arranged, and/or advertised, and (b) Defendant's sole and/or joint breach of contracts with Plaintiff and others similarly situated, in California and throughout the United States, for air or sea transportation or other travel services they purchased but that Defendant, solely and/or jointly, failed to provide.  These acts and practices are unlawful and unfair under California Business and Professions Code sections ("B&P §") 17200, *et seq.*, and are prohibited by B&P § 17550, *et seq.*

# JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims on behalf of herself and other California residents because Plaintiff's lawsuit seeks a public injunction and is based on unlawful, unfair, and prohibited acts and practices that occurred in California.  Furthermore, this Court has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the resources and protections of, conducted business in, and has systematic contacts with, California. This Court also has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §¶ 10, California Code of Civil Procedure § 410.10, and Business and Professions Code § 17200 *et seq.*

3.      Venue is proper in the County of Contra Costa in accordance with section 395(a) of the California Code of Civil Procedure because to Plaintiff's knowledge, Defendant does not reside in the state.

///

## PARTIES

4.      Plaintiff is an individual residing in Contra Costa County, California.

5.      Defendant is an individual believed to be residing in the state of Nevada. Defendant is a "seller of travel" pursuant to B&P § 17550.1.  Defendant was a co-founder, owner, Chief Executive Officer, and Director of JusTours, Inc., dba JusCollege ("JusCollege") and is the Chief Executive Officer, Chief Financial Officer, and Secretary of Fuse Technologies, Inc. ("Fuse").  A unity of interest and ownership exists between Defendant and JusCollege, including due to and evidenced by Defendant's use of a credit card in his own name to purchase air travel for Plaintiff for which Plaintiff had paid JusCollege.  Plaintiff also is informed and believes and thereon alleges that DOES 1-10 are, and at all times relevant hereto were, persons or entities acting on behalf of, in conjunction with, or in a unity of interest and ownership with JusCollege who violated or caused to be violated California law as set forth herein.

6.      Plaintiff is unaware of the true names of DOES 1 through 10.  Plaintiff sues said defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

7.      Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's right to plead in the alternative.

## DEFENDANT'S UNLAWFUL, UNFAIR, AND PROHIBITED ACTS AND PRACTICES AND DEFENDANT'S BREACH OF CONTRACTS

8.      California law defines a "seller of travel" as "a person who sells, provides, furnishes, contracts for, arranges, or advertises that he or she can or may arrange, or has arranged, wholesale or retail, either of the following: (1) Air or sea transportation either separately or in conjunction with other travel services.  (2)  Land or water vessel transportation, other than sea carriage, either separately or in conjunction with other travel services if the total charge to the

passenger exceeds three hundred dollars."  Business & Professions Code ("B&P") § 17550.1(a).
A "passenger" is "a person on whose behalf money or other consideration has been given or is to
be given to another … for air or sea transportation, other travel services, or both, for that person."
B&P § 17550.3.

9.    In approximately May 2019, in California, Plaintiff contracted with JusCollege to
provide Plaintiff with air transportation in conjunction with other travel services.  The air
transportation was for Plaintiff's travel between California and Mexico in March and April, 2020.
The travel services included accommodations at a hotel in Cabo San Lucas, Mexico.  Plaintiff paid
JusCollege in full for the air transportation and other travel services with a series of payments
between May 2019 and January 2020, totaling approximately $900.00.  Defendant, solely and/or
jointly with JusCollege, sold, provided, furnished, contracted for, arranged, and/or advertised for
Plaintiff's air transportation, including by paying for Plaintiff's air travel with a credit card in
Defendant's name.  Defendant is thus a "seller of travel," B&P 17550.1(a), and Plaintiff is thus a
"passenger."  B&P 17550.3.  Other California residents also paid JusCollege for the same or
similar air or sea transportation and other travel services and are thus also "passengers" and
Plaintiff believes that Defendant, solely and/or jointly with JusCollege, sold, provided, furnished,
contracted for, arranged, and/or advertised for their air transportation, making Defendant a "seller
of travel" as to those other California residents.  Others similarly situated in California also
contracted with JusCollege for air or sea transportation or other travel services and are also thus
"passengers" and Plaintiff believes that Defendant, solely and/or jointly with JusCollege, sold,
provided, furnished, contracted for, arranged, and/or advertised for their air transportation, making
Defendant a "seller of travel" as to those others similarly situated in California, and due to
Defendant's unity of interest and ownership with JusCollege, rendering those similarly situated in
California to be Defendant's customers.  Others similarly situated throughout the United States
contracted with JusCollege for air or sea transportation or other travel services and Plaintiff
believes that Defendant, solely and/or jointly with JusCollege, sold, provided, furnished,
contracted for, arranged, and/or advertised for their air transportation, rendering those similarly
situated throughout the United States to be customers of Defendant's.  Plaintiff believes that

1   Defendant, solely and/or jointly with Fuse, continues as a seller of travel to California residents

2   and to others similarly situated in California and nationwide.  *See*

3   https://www.juscollege.com/legal/terms-of-service.

4          10.     When a seller of travel accepts consideration from a customer for air or sea

5   transportation or other travel services, the seller of travel is required to make certain disclosures.

6   B&P § 17550.13.  Those disclosures include a "clear and conspicuous statement that upon

7   cancellation of the transportation or other travel services, where the passenger is not at fault and

8   has not canceled in violation of any terms and conditions previously clearly and conspicuously

9   disclosed to and agreed to by the passenger, all sums paid to the seller of travel for services not

10  provided will be promptly paid to the passenger, unless the passenger otherwise advises the seller

11  of travel in writing, after cancellation."  B&P § 17550.13(a)(1)(E).  Defendant, solely and/or

12  jointly with JusCollege, failed to make most or all of the required disclosures to Plaintiff, other

13  California residents, and others similarly situated in California.  Plaintiff believes that Defendant,

14  solely and/or jointly with Fuse, has continued a policy and practice of violating B&P § 17200, *et*

15  *seq.*, and B&P § 17550, *et seq.*, including by failing to make the disclosures required by California

16  Business and Professions Code section 17550.13 to California residents or to others similarly

17  situated to Plaintiff in California.  *See* https://www.juscollege.com/legal/terms-of-service.

18         11.     Defendant, solely and/or jointly with JusCollege, failed to provide the air

19  transportation and other travel services for which Plaintiff paid JusCollege and that Defendant,

20  solely and/or jointly with JusCollege, sold, provided, furnished, contracted for, arranged, and/or

21  advertised.  Plaintiff requested a refund from JusCollege on or about August 12, 2020.  To this

22  day, neither Defendant nor JusCollege has refunded to Plaintiff the money she paid to JusCollege.

23  Instead, Defendant, solely and/or jointly with JusCollege, provided Plaintiff with credit for air

24  transportation and travel services, but Plaintiff is not interested in that credit.  Defendant, solely

25  and/or jointly with JusCollege, also failed to actually provide air or sea transportation or other

26  travel services for which other California residents, others similarly situated in California, and

27  others similarly situated throughout the United States, paid JusCollege, and Defendant, solely

28  and/or jointly with JusCollege, then failed to refund the money they paid to JusCollege for such

transportation or other travel services and which Defendant, solely and/or jointly with JusCollege,

sold, provided, furnished, contracted for, arranged, and/or advertised.

12.     "A seller of travel has an obligation either to provide the air or sea transportation or

travel services purchased by the passenger or to make a refund as provided by this section.  The

seller of travel shall return to the passenger all moneys paid for air or sea transportation or travel

services not actually provided to the passenger, within either of the following periods, whichever

is earlier: (1) Thirty days from one of the following dates: (A) The scheduled date of departure.

(B)  The day the passenger requests a refund.  (C)  The day of cancellation by the seller of travel.

[or] (2) Three days from the day the seller of travel is first unable to provide the air or sea

transportation or travel services."  B&P § 17550.14(a).  Defendant has never refunded to Plaintiff

all moneys paid for the air transportation and other travel services not actually provided to

Plaintiff, including not within thirty days of (a) the scheduled date of departure, (b) the day

Plaintiff requested a refund, or (c) the day of cancellation by Defendant, solely and/or jointly with

JusCollege, and (d) not within three days from the day Defendant, solely and/or jointly with

JusCollege, was first unable to provide the air transportation or other travel services, including the

unprovided air travel that Defendant paid for with a credit card in his name.  Defendant thus

violated B&P § 17550.14(a).  Plaintiff is informed and believes and thereon alleges that Defendant

has a practice of not providing refunds to California residents, to others similarly situated in

California, or to others similarly situated throughout the United States, who have paid Defendant,

solely and/or jointly with JusCollege, for air or sea transportation or other travel services but to

whom such transportation or other travel services were not provided.

13.     Plaintiff is informed and believes and thereon alleges that Defendant's unlawful,

unfair, and prohibited acts and practices, including failing to make disclosures required by

California law and failing to refund California residents or others similarly situated in California

for purchased but unprovided air or sea transportation or other travel services, is categorical and

has been applied to all of Defendant's customers who are California residents or who are others

similarly situated in California.  Plaintiff is also informed and believes and thereon alleges that

Defendant has policies and practices of breaching contracts with Plaintiff and others similarly

situated in California and throughout the United States by not providing them with air or sea transportation or other travel services they have paid for and then not returning their money for such transportation or other travel services not actually provided.

**<u>CALIFORNIA CLASS ACTION ALLEGATIONS</u>**

14.    Plaintiff brings her claims for relief for violations of the California's Unfair Competition Law pursuant to Code of Civil Procedure § 382 and Business & Professions Code §§ 17200 *et seq.*, as a class action on behalf of all others similarly situated in California ("California Class") with the California Class defined as:

> All individuals, including Plaintiff, who while in California, purchased air or sea transportation or other travel services that Defendant, due to a unity of interest and ownership with JusCollege or otherwise, sold, provided, furnished, contracted for, arranged, and/or advertised, but to whom said air or sea transportation or other travel services were not actually provided and to whom all moneys paid for such unprovided air or sea transportation or other travel services was not returned.

15.    <u>Numerosity.</u>   The California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the class period at least hundreds of individuals, while in California, purchased air or sea transportation or other travel services that Defendant, due to a unity of interest and ownership with JusCollege or otherwise, sold, provided, furnished, contracted for, arranged, and/or advertised, but to whom said air or sea transportation or other travel services were not actually provided and to whom all moneys paid for such unprovided air or sea transportation or other travel services was not returned.

16.    <u>Ascertainability.</u>  The California Class is ascertainable in objective terms that make eventual identification of California Class members possible, including through Defendant's records.  Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description, divide the class into subclasses, or further limit class treatment to particular issues.

///

///

17.    <u>Community of Interest.</u>

a.    <u>Typicality.</u>  Plaintiff's claims are typical of California Class members' claims.  Plaintiff, like other California Class members, was subjected to policies and practices of Defendant's, due to a unity of interest and ownership with JusCollege or otherwise, that violated California law, including Business and Professions Code sections 17550, *et seq.* and in which Defendant breached contracts with California Class members and they sustained injury and economic loss as a result.  Defendant's conduct towards Plaintiff in violating California law and breaching contracts is typical of Defendant's conduct towards other California Class members in violating California law and breaching contracts.

b.    <u>Adequacy.</u>  Plaintiff will fairly and adequately represent and protect the interests of the California Class members.  Plaintiff has no interests that are antagonistic to those of the California Class and is not subject to any unique defenses.  Plaintiff's counsel are experienced in class actions and will fairly and adequately represent and protect the interests of the California Class members.

c.    <u>Predominance.</u>  Common questions of law and fact exist as to members of the California Class that predominate over any individualized questions, including the following:

- Whether Defendant has been a "seller of travel" pursuant to California Business & Professions Code section 17550.1.

- Whether while Defendant has been a "seller of travel" pursuant to California Business & Professions Code section 17550.1, did Defendant sell, provide, furnish, contract for, arrange, and/or advertise air or sea transportation or other travel services to individuals in California.

- Whether while Defendant has been a "seller of travel" pursuant to California Business & Professions Code section 17550.1, did Defendant fail to furnish air or sea transportation or other travel services purchased by individuals in California.

- Whether while Defendant has been a "seller of travel" pursuant to California Business & Professions Code section 17550.1, did Defendant fail to return all moneys paid for air or sea transportation or other travel services purchased by individuals in California but not actually provided.

- Whether Defendant's policies and practices violated California Business & Professions Code §§ 17550.1, *et seq.*;

- Whether Class members are entitled to equitable relief under Business and Professions Code §§ 17200, *et seq.*

- Whether a unity of interest and ownership exists between Defendant and JusCollege; and

- Whether, based on a unity of interest and ownership between Defendant and JusCollege or otherwise, Defendant breached contracts with Plaintiff and others similarly situated in California for air or sea transportation or other travel services they purchased and then Defendant failed to refund all money paid for such transportation or other travel services not actually provided.

18.    <u>Superiority</u>.  Certification of the class would provide substantial benefits to the courts and California Class members.  The damages suffered by individual California Class members are relatively small compared to the significant expense and burden of individual prosecution of this litigation.  In addition, class certification will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policies and practices.

<u>**NATIONWIDE CLASS ACTION ALLEGATIONS**</u>

19.    Plaintiff brings her claims for relief for breach of contracts pursuant to Code of Civil Procedure § 382 and Business & Professions Code §§ 17200 *et seq.*, as a class action on behalf of all others similarly situated in the United States ("Nationwide Class") with the Nationwide Class defined as:

> All individuals, including Plaintiff, who while in the United States, purchased air or sea transportation or other travel services that Defendant, due to a unity of interest and ownership with JusCollege or otherwise, sold, provided, furnished, contracted for, arranged, and/or advertised, but to whom said air or sea transportation or other travel services were not actually provided and to whom all moneys paid for such unprovided air or sea transportation or other travel services was not returned.

20.    <u>Numerosity</u>.   The Nationwide Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the class period at least hundreds of individuals, while in the United States, purchased air or sea transportation or other travel services that Defendant, due to a unity of interest and ownership with JusCollege or otherwise, sold, provided, furnished, contracted for, arranged, and/or advertised, but

to whom said air or sea transportation or other travel services were not actually provided and to whom all moneys paid for such air or sea transportation or other travel services was not returned

21.    Ascertainability.    The Nationwide Class is ascertainable in objective terms that make eventual identification of Nationwide Class members possible, including through Defendant's records.  Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or modify the class description, divide the class into subclasses, or further limit class treatment to particular issues.

22.    Community of Interest.

a.    Typicality.    Plaintiff's claims are typical of the Nationwide Class members' claims.  Plaintiff, like other Nationwide Class members, was subjected to policies and practices of Defendant's, due to a unity of interest and ownership with JusCollege or otherwise, in which Defendant breached contracts with Nationwide Class members and they sustained injury and economic loss as a result.

Defendant's conduct towards Plaintiff in breaching contracts is typical of Defendant's conduct towards other Nationwide Class members in breaching contracts.

b.    Adequacy.    Plaintiff will fairly and adequately represent and protect the interests of the Nationwide Class members.  Plaintiff has no interests that are antagonistic to those of the Nationwide Class and is not subject to any unique defenses.  Plaintiff's counsel are experienced in class actions and will fairly and adequately represent and protect the interests of the Nationwide Class members.

c.    Predominance.    Common questions of law and fact exist as to members of the Nationwide Class that predominate over any individualized questions, including the following:

- Whether a unity of interest and ownership exists between Defendant and JusCollege; and

- Whether, based on a unity of interest and ownership with JusCollege or otherwise, Defendant breached contracts with Plaintiff and others similarly situated in the United States for air or sea transportation or other travel services they purchased and then Defendant failed to refund all money paid for such transportation or other travel services not actually provided.

23.    Superiority.  Certification of the class would provide substantial benefits to the courts and Nationwide Class members.  The damages suffered by individual Nationwide Class members are relatively small compared to the significant expense and burden of individual prosecution of this litigation.  In addition, class certification will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policies and practices.

**FIRST CAUSE OF ACTION**
**PUBLIC INJUNCTION REGARDING UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.* **AND 17550,** *et seq.*
**(Against All Defendants)**

24.    Plaintiff incorporates all paragraphs as if fully alleged herein.

25.    California Business and Professions Code section 17200 states that "[a]s used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

26.    Plaintiff is a "person" as defined by B&P § 17201 and a "passenger" as defined by B&P § 17550.3.

27.    Defendant is "person" as defined by B&P § 17201 and a "seller of travel" as defined by B&P § 17550.1.

28.    Defendant committed unfair competition by engaging in unlawful and unfair business acts and practices and by engaging in acts prohibited Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

29.    Defendant's unlawful, unfair, and prohibited acts and practices include failing to provide required disclosures to California residents for air or sea transportation and other travel services that Defendant sells, provides, furnishes, contracts for, arranges, and/or advertises and failing to provide refunds to California residents for air or sea transportation and other travel services that they purchased but were not provided, and violating California Business & Professions Code section 17550 *et seq.*, including B&P §§ 17550.13 and 17550.14.  This conduct

1    is substantially injurious to California consumers, offends public policy, is immoral, unethical,

2    oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefit.

3        30.    Plaintiff has suffered injury in fact and has lost money or property as a result of

4    Defendant's unfair competition.  B&P § 17204.  There is no adequate remedy under the law (as

5    opposed to equity) providing for the public injunction Plaintiff seeks for Defendant's conduct.

6        31.    Defendant's unlawful, unfair, and prohibited acts and practices alleged herein

7    constitute unfair competition within the meaning of California Business and Professions Code

8    section 17200.  This unfair competition includes Defendant's use of unlawful, unfair, and

9    prohibited acts and practices concerning air or sea transportation or other travel services that

10   Defendant sells, provides, furnishes, contracts for, arranges, and/or advertises to California

11   residents but whose money is not returned after purchased transportation and other travel services

12   are not provided.

13       32.    As a result of Defendant's unlawful, unfair, and prohibited acts and practices,

14   Plaintiff and other California residents suffered injury in fact and lost money, including money

15   unlawfully and unfairly retained by Defendant.

16       33.    Plaintiff seeks a public injunction on her behalf and on behalf of all California

17   residents, stemming from Defendant's unfair, unlawful, and prohibited acts and practices

18   including injunctive relief; declaratory relief; reasonable attorneys' fees and costs under California

19   Code of Civil Procedure § 1021.5, and other appropriate equitable relief.

20       34.    Defendant's unfair, unlawful, and prohibited acts and practices entitle Plaintiff to

21   seek preliminary and permanent injunctive relief, including but not limited to orders that

22   Defendant cease the unlawful acts and practices alleged herein, and account for, disgorge, and

23   restore to Plaintiff and other California residents the moneys they paid for air or sea transportation

24   or other travel services not actually provided to them, and other compensation unlawfully withheld

25   from them.

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION
### CALIFORNIA CLASS ACTION FOR UNLAWFUL, UNFAIR, AND PROHIBITED ACTS AND PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq.* AND §§ 17550, *et seq.*
#### (Against All Defendants on Behalf of Plaintiff and the California Class)

35.    Plaintiff incorporates all paragraphs as if fully alleged herein.

36.    As a result of Defendant's unlawful, unfair, and prohibited acts and practices, Plaintiff and the California Class suffered injury in fact and lost money or property as a result of Defendant's unfair competition, including money unlawfully and unfairly retained by Defendant.

37.    Defendant's unfair, unlawful and prohibited acts and practices have injured Plaintiff and the California Class, including as a result of Defendant's retention of moneys paid by Plaintiff and the California Class for air or sea transportation or other travel services not actually provided to them.  Defendant has reaped unfair and illegal profits by retaining these moneys.  Defendant should be required to disgorge these unfair and illegal profits and restore them to Plaintiff and the California Class.

38.    Due to Defendant's unfair, unlawful and prohibited acts and practices, Plaintiff and the California Class are entitled to restitution and disgorgement from Defendant.  Plaintiff seeks all such restitution and disgorgement from Defendant on behalf of herself and the California Class.

## THIRD CAUSE OF ACTION
### CALIFORNIA AND NATIONWIDE CLASS ACTIONS FOR BREACH OF CONTRACTS
#### (Against All Defendants on Behalf of Plaintiff, the California Class, and the Nationwide Class)

39.    Plaintiff incorporates all paragraphs as if fully alleged herein.

40.    Plaintiff, the California Class, and the Nationwide Class entered into contracts with Defendant, due to a unity of interest and ownership with JusCollege or otherwise, for air or sea transportation or other travel services.  Defendant breached those contracts by failing to provide Plaintiff, the California Class, and the Nationwide Class with such air or sea transportation or other travel services.

41.    Due to the breach of those contracts, Plaintiff, the California Class, and the Nationwide Class have suffered damages.  Plaintiff seeks all such damages from Defendant on behalf of herself, the California Class, and the Nationwide Class.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF, ON HER BEHALF, ON BEHALF OF THE PUBLIC IN CALIFORNIA, ON BEHALF OF THE CALIFORNIA CLASS, AND ON BEHALF OF THE NATIONWIDE CLASS, PRAYS AS FOLLOWS:**

1.    That Defendant be found to have violated Business and Professions Code section 17200 *et seq.* for the conduct alleged herein;

2.    That Defendant be found to have violated Business and Professions Code sections 17550 *et seq.* for the conduct alleged herein;

3.    That the California Class be certified, with Plaintiff designated as California Class representative, and her counsel of record designated as California Class counsel;

4.    That the Nationwide Class be certified, with Plaintiff designated as Nationwide Class representative, and her counsel of record designated as Nationwide Class counsel;

5.    For restitution and disgorgement and/or damages from Defendant of $20,000,000 (Twenty Million Dollars) to Plaintiff and the California Class pursuant to Business and Professions Code sections 17200 *et seq.* and/or for the breach of contracts with them;

6.    For damages from Defendant of $25,000,000 (Twenty-Five Million Dollars) to Plaintiff and the Nationwide Class for the breach of contracts with them;

7.    That a public injunction be issued pursuant to California Business and Professions Code section 17200, *et seq.*:

    A.    Enjoining Defendant from committing future violations of California Business & Professions Code section 17550, *et seq.*, including B&P §§ 17550.13 and 17550.14;

    B.    Requiring Defendant to comply with California Business and Professions Code section 17550.14 for all existing California residents who purchase air or sea transportation or other travel services that Defendant sells, provides, furnishes, contracts for, arranges, and/or advertises but to whom those services are not provided, in exchange for cancelling any credit provided to those California residents instead of providing them a refund of the money

1    they paid for such services;

2            C.     Establishing an effective monitoring mechanism to ensure Defendant's

3                continued compliance with the terms of this injunction.

4        8.     For such and other further relief, in equity, as the Court deems just or appropriate.

5        9.     Given the massive number of California residents to whom Defendant sells,

6    provides, furnishes, contracts for, arranges, and/or advertises air or sea transportation or other

7    travel services, and the flagrant manner of Defendant's disregard of the important rights embodied

8    in California's travel customer protection law  (B&P § 17550, *et seq.*), the injunction sought

9    herein will confer an important, wide-reaching and precedent-setting benefit upon the public --

10   which will not just resonate in this case but will send a message to other sellers of travel with

11   similar acts and practices toward California residents -- so that attorneys' fees and costs should be

12   awarded in an amount to be proved under California code of Civil Procedure section 1021.5.

13

14   Dated: October 9, 2023          Respectfully submitted,

15

16

17

18                     Steven Elster

19                     Law Office of Steven Elster

20                     785/E2 Oak Grove Road, #201
                       Concord, CA 94518

21                     (925) 324-2159

22                     Kevin F. Ruf

23                     Glancy Prongay & Murray LLP
                       1925 Century Park East

24                     Suite 2100
                       Los Angeles, CA 90067

25                     (310) 201-9150
                       *Attorneys for Plaintiff Lindsey Cannon*

26

27

28

COMPLAINT FOR PUBLIC INJUNCTION & CLASS ACTION

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Steven Elster, SBN 227545<br>785/E2 Oak Grove Road, #201, Concord, CA 94518 | **FOR COURT USE ONLY** |

TELEPHONE NO.: (925) 324-2159       FAX NO. *(Optional):*
E-MAIL ADDRESS: steve.elster.law@gmail.com
ATTORNEY FOR *(Name):* Plaintiff Lindsey Cannon

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Lindsey Cannon v. Andrew Citores

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C23-02551 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[x] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel          e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve                    courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence                    court
                                                                    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1. Public injunction, 2. Unfair business practices, 3. Class actions for breach of contracts
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 9, 2023
Steven Elster
_____          ▶          _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

| CASE NAME:<br>LINDSEY CANNON VS. ANDREW CITORES | CASE NUMBER:<br>C23-02551 |
|---|---|

1.  NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE:<br>02/05/2024 | HEARING TIME:<br>8:30 AM | HEARING LOCATION:<br>DEPARTMENT 12<br>725 COURT STREET  ROOM 301  MARTINEZ, CA 94553 |
|---|---|---|

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2.  YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3.  YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4.  AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:
    a)  AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
    b)  AN ORDER REFERRING THE CASE TO ARBITRATION
    c)  AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
    d)  AN ORDER DISMISSING FICTITIOUS DEFENDANTS
    e)  AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
    f)  AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
    g)  AN ORDER CONSOLIDATING CASES
    h)  AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
    i)  AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CALIFORNIA AS INDICATED ABOVE.

DATE:    10/13/2023                    BY: _____

N. MCCALLISTER-VILA, DEPUTY CLERK

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR
CASE NUMBER: C23-02551 ON 10/13/2023:

STEVEN ELSTER
785/E2 OAK GROVE RD #201
CONCORD CA  94518-3617

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven Elster<br>Steven Elster SBN 227545<br>785/E2 Oak Grove Road Unit 201<br>Concord, CA 94518<br>    TELEPHONE NO:                    FAX NO *(Optional):*<br>E-MAIL ADDRESS *(Optional):*  steve.elster.law@gmail.com<br>    ATTORNEY FOR *(Name):*  Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Contra Costa | |
|---|---|
|   STREET ADDRESS:  725 Court Street P.O. Box 911 | |
|   MAILING ADDRESS: | |
|   CITY AND ZIP CODE:  Martinez, 94553-1233 | |
|   BRANCH NAME:  Martinez | |

| PLAINTIFF / PETITIONER:  Lindsey Cannon<br>DEFENDANT / RESPONDENT:  Andrew Citores, et al. | CASE NUMBER:<br>C23-02551 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9752810 (21386066) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [ ] Other *(specify documents):*
3. a. Party served *(specify name of party as shown on documents served):*
      Andrew Citores, an individual
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   799 Glistening Light Ct., Henderson, NV 89052
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*  Wed, Oct 18 2023      (2) at *(time):*  06:19 PM
   b. [ ] **by substituted service.** On *(date):*          at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*                      or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Lindsey Cannon | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Andrew Citores, et al. | C23-02551 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:        (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☒  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify)*:

   c.  ☐  as occupant.

   d.  ☐  On behalf of *(specify)*:

     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.  **Person who served papers**

   a.  Name:     Reggie Mitchell

   b.  Address:     1400 N. McDowell Blvd., Suite 300 Petaluma, CA 94947

   c.  Telephone number:     800.938.8815

   d.  **The fee** for service was:     $125.00

   e.  I am:

     (1)  ☒  not a registered California process server.

     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

     (3)  ☐  a registered California process server:

        (i)  ☐ owner  ☐ employee  ☐ independent contractor

        (ii)  Registration No:

        (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   October 19, 2023

Reggie Mitchell

_____

   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack USA- P000618
1400 N McDowell Blvd Suite 300
Petaluma, CA 94947
800-938-8815

_____

                    (SIGNATURE)